*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRELL MARCUS ROBERTS,

        Defendant-Appellant.

FOR PUBLICATION
March 24, 2020

No. 339424
Ingham Circuit Court
LC No. 16-000384-FC

ON REMAND

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

SWARTZLE, J. (*concurring*).

Typically, a judge who writes a separate opinion does so with a certain confidence in the correctness of the position stated. This is not one of those opinions. In this appeal on remand, we are presented with the facially benign question, what is "acquitted conduct"? The majority in *People v Beck*, __ Mich __, __; __ NW2d __ (2019) (Docket No. 152934); slip op at 13, provided a description of acquitted conduct, but Justice CLEMENT in her dissent identified several problems with this description, *id.* at __ (CLEMENT, J., dissenting); slip op at 2-4. Since then, panels of this Court have had occasion to apply *Beck*, but I believe that they have done so with some inaccuracy in what precisely is acquitted conduct. While I have a couple of minor quibbles with the majority's analysis in this case, the state of the law is such that I cannot fully concur or even partially dissent. Accordingly, for the reasons provided below, I concur dubitante in the judgment.

In *Beck*, the majority described acquitted conduct as conduct that "has been formally charged and specifically adjudicated [not guilty] by a jury." *Id.*, slip op at 13. In some circumstances, identifying the acquitted conduct might be relatively straightforward. For example, if a defendant is acquitted by a jury using a special-verdict form, then the sentencing court should be able to isolate the particular aspect or element on which the jury acquitted the defendant without much difficulty. Similarly, if a jury acquits a defendant of a particular crime but convicts of a lesser-included crime, then, again, it may be easy to isolate the specific aspect or element that the prosecutor did not prove beyond a reasonable doubt. Finally, if a defendant stipulates to a

particular element, and the jury still acquits, a process of elimination might point to the particular aspect or element that the jury found not to have been proven beyond a reasonable doubt. Even taken together, however, these will likely not be the majority of cases when acquitted conduct must be identified and excluded for purposes of sentencing.

In a not-insubstantial number of cases, when a jury renders its verdict by a general-verdict form and acquits on some charge but convicts on another, isolating the acquitted conduct that cannot be considered at sentencing will present several epistemological challenges. Fundamentally, these challenges will arise because, as the U.S. Supreme Court recognized in *United States v Watts*, 519 US 148, 155; 117 S Ct 633; 136 L Ed 2d 554 (1997) (cleaned up), "An acquittal is not a finding of any fact. An acquittal can only be an acknowledgement that the government failed to prove an essential element of the offense beyond a reasonable doubt. Without specific jury findings, no one can logically or realistically draw any factual finding inferences . . . ." Yet, after *Beck*, our sentencing courts will now have to draw "factual finding inferences" based on the jury's acquittal.

As Justice CLEMENT observed in dissent, much in *Beck* was left unexplained with respect to the "parameters of what constitutes acquitted conduct." *Beck*, __ Mich at __ (CLEMENT, J., dissenting); slip op at 12. As Justice CLEMENT asked, "Is acquitted conduct defined only as the exact conclusion that the defendant committed the acquitted charge?" *Id.* "But does acquitted conduct extend beyond this ultimate conclusion to all facts that supported a charge for which a defendant was acquitted?" *Id.* "What if it is unclear why the jury acquitted the defendant of a particular crime?" *Id.* And, "If there is no indication as to which element the jury found lacking, is the sentencing court prohibited from considering the facts underlying either element?" *Id.* These questions were left unanswered by the majority—maybe appropriately so given the record in the case—but all will need to be addressed at some point.

Panels of this Court have started to address these questions, though I am not confident of all of our answers. For example, in *People v Parker*, unpublished per curiam opinion of the Court of Appeals, issued January 14, 2020 (Docket No. 335165), the Court framed the inquiry as a categorical one: "Once a defendant is acquitted of a certain crime, it violates due process to sentence the defendant using an essential element of the acquitted offense as an aggravating factor." *Id.* at 4. This cannot, however, be the proper approach.

Take, for example, someone acquitted of felon-in-possession but convicted of another crime. There are only two elements of felon-in-possession—(1) defendant is a felon, and (2) defendant possessed a firearm. MCL 750.224f. If the defendant in this hypothetical did not concede at trial that he was a felon but instead left the prosecution to its proofs, then does the jury's acquittal on the felon-in-possession charge preclude the sentencing court from considering evidence that defendant did, in fact, have a prior felony conviction when scoring the guidelines and fashioning an appropriate sentence? It is theoretically possible, after all, that one of the jurors simply did not trust the prosecutor's evidence of a prior felony and voted to acquit on that basis. But yet, it seems absurd to suggest that the sentencing court cannot consider the defendant's actual criminal background when sentencing on the unrelated conviction.

As another example, in a felony-murder case involving a robbery, if a defendant was acquitted of both felony murder and robbery, but was convicted of a third unrelated charge, then

-2-

would the sentencing court have to ignore evidence that a person was, in fact, killed and before he was killed, the person was, in fact, robbed? Arguably under a pure "elements-based" approach, the sentencing court would have to ignore this evidence, but this again seems quite absurd. Rather, under my reading of *Beck*, the sentencing court could not consider evidence that this particular defendant did the robbing or killing, but it need not ignore that a robbery and killing occurred.

As a final example, assume that a defendant was charged with two separate crimes, each crime had four total elements, and the two crimes shared three elements in common. The jury convicted the defendant on one charge and acquitted on the other. Under the categorical approach stated in *Parker*, a sentencing court could not consider the four elements of the acquitted charge, which would also necessarily mean that the sentencing court could not consider three of the elements of the convicted charge. I cannot conclude that this is what *Beck* requires. Similar issues arise with respect to inconsistent verdicts. A categorical "elements-based" approach is simply unworkable as a general principle of law.

At the other extreme, one could take a "I know it when I see it" approach. Cf *Jacobellis v Ohio*, 378 US 184; 84 S Ct 1676; 12 L Ed 2d 793 (1964). Merely stating the approach, however, highlights its unworkability. Whatever merit it has in distinguishing erotic art from obscenity, it has little merit in the criminal-sentencing context, where due process requires fair notice and clear standards.

So where does this leave a sentencing court when having to identify *precisely* the acquitted conduct in a particularly thorny case? It is unclear to me, although one possible approach could be something similar to the collateral-estoppel rule set out in *Ashe v Swenson*, 397 US 436; 90 S Ct 1189; 25 L Ed 2d 469 (1970). See Johnson, *If at First You Don't Succeed—Abolishing the Use of Acquitted Conduct in Guidelines Sentencing*, 75 NC L Rev 153, 157 n 14 (1996). In the double-jeopardy context, a court might have to determine whether a defendant had been acquitted of a particular crime in a prior proceeding. When faced with this issue, the Supreme Court in *Ashe* explained that a court should "examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a *rational jury* could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Ashe*, 397 US at 444 (quotation marks and citation omitted; emphasis added).

The salient feature of this approach is the "rational jury" standard. A rational jury would not, for example, close its collective eyes to uncontroverted evidence of a prior felony conviction. Nor would a rational jury close its collective eyes to uncontroverted evidence of a murder or robbery victim. Nor would a rational jury, when faced with two separate four-element charges that share three common elements, conclude that the prosecutor had satisfied all four elements of one charge but none of the elements of the other charge. While it might not answer every question raised by the *Beck* dissent, *Ashe*'s rational-jury standard would seem to provide a workable model for a sentencing court to use when having to identify acquitted conduct in a difficult case, one that satisfies the due-process concerns noted above and discussed in detail by the *Beck* majority.

With these matters in mind, I turn to the present appeal on remand. I agree with much of the majority's analysis and my disagreements are relatively minor. First, in its statement of what

*Beck* requires, the majority appears to come close to a categorical "elements-based" approach, when it states, "We infer from this broad definition that under *Beck*, a sentencing court must consider a defendant as having undertaken no act or omission that a jury could have relied upon in finding the essential elements of any acquitted offense proved beyond a reasonable doubt." As I have explained, I think a categorical approach is generally not advisable, though admittedly this might be what the *Beck* majority intended. Second, I do not read the sentencing court as relying on defendant having passed around a firearm or that defendant's firearm was, in fact, "use[d] in an indiscriminate shooting" as justifications for the upward departure. Had the sentencing court relied on such evidence, then the resulting departure sentence would likely be in violation of *Beck*. But this was not the case, and, based on my reading of *Beck* and related case law, defendant's sentence does not violate due process.

For these reasons, I concur dubitante in the judgment.


/s/ Brock A. Swartzle